## AUGUST B. DARELIUS v. C. W. LUNQUIST COMPANY.[1]

May 4, 1917.

Nos. 20,397—(71).

**Appeal and error — review of rulings on evidence.**

1. Rulings on evidence are not reviewable on appeal, unless an exception is taken on the trial or the error is specified in the motion for a new trial. [Reporter.]

[1]Reported in 162 N. W. 464.

**Same — review of party's misconduct.**

2. Misconduct of a party is not reviewable on appeal, unless exception is taken at the time. [Reporter.]

**Mechanic's lien — mortgagee's knowledge — request to charge.**

3. Refusal of the trial court to give a requested charge to the jury is not error, when the request is based on the theory that plaintiff had sufficient evidence to disprove a finding of the trial court that a mortgagee had knowledge of a mechanic's lien when he advanced money to the owner of the land and the evidence is insufficient to establish the theory. [Reporter.]

Action in the municipal court of Minneapolis to recover $102.56 for professional services as attorney. In its answer defendant set up a counterclaim for $1,106.95. The case was tried before Charles L. Smith, J., and a jury which returned a verdict in favor of plaintiff for $115.62. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Edward A. Chalgren,* for appellant.

*Paul J. Marwin,* for respondent.

PER CURIAM.

Action for services rendered by the plaintiff as attorney for the defendant in an action brought by him to foreclose a mechanic's lien. There was a verdict for the plaintiff. The defendant appeals from the judgment.

The only important question in the lien suit was whether a mortgage, given by the owner of the land to one Storer, the proceeds of which were used in payment of two mortgages concededly prior to the lien, was prior or subsequent. The defendant claimed it was subsequent and that the plaintiff as his attorney was at fault in not proving it to be so. The court found it to be prior.

A number of errors are assigned in rulings on evidence. Exceptions were not taken at the time nor were errors specified in the motion for a new trial. They are not reviewable.

One ground of the motion for a new trial is the misconduct of the plaintiff. No objection was made at the time, and complaint of misconduct cannot now be made.

It is claimed that the court erred in refusing to give the plaintiff's third, fourth and fifth instructions. We assume that the record is sufficient to raise the question.

The court found on sufficient evidence that Storer had no knowledge of the lien at the time he advanced the money which took up the prior mortgages. The third request was based upon the proposition that the plaintiff was in possession of sufficient evidence to disprove this finding if he had been in-

formed of the issue. The evidence is insufficient to establish that he had. This alone prevents the refusal of the request from being error. It was perhaps objectionable for other reasons.

The fourth and fifth referred to an issue made by the defendant in his answer to the effect that the parties agreed that the mortgage should be a prior lien. This issue was not litigated, there was no finding upon it, and in this action it is immaterial.

There is no claim that the evidence does not sustain the verdict.

Judgment affirmeed.